IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST SESSION, 1999

FILED

September 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9808-CR-00297 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RAY L. JENKINS, |
| JAMES EDWARD OAKLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Revocation of Community |
| | ) | Corrections Sentence) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF KNOX COUNTY

FOR THE APPELLANT:          FOR THE APPELLEE:

KIMBERLY A. PARTON          PAUL G. SUMMERS
P.O. Box 116                Attorney General and Reporter
Knoxville, TN 37901-0116
                            ELLEN H. POLLACK
                            Assistant District Attorney General
                            425 Fifth Avenue North
                            Nashville, TN 37243

                            RANDALL E. NICHOLS
                            District Attorney General

                            ZANE SCARLETT
                            Assistant District Attorney General
                            City-County Building
                            Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals from the judgment of the trial court revoking his community corrections sentence and ordering the balance of his sentence to be served in the Department of Correction. We affirm the judgment of the trial court.

Based on our review of the record presented on appeal, it appears that judgments of conviction were entered against the Defendant on December 17, 1997 for fifteen counts of aggravated burglary and one count of burglary. For each conviction the Defendant was sentenced to four years as a Range I standard offender. The trial court ordered five of the sentences served consecutively and the remaining sentences served concurrently, for an effective sentence of twenty years. The trial court granted the Defendant's application to serve his twenty-year sentence in the Knox County Community Alternatives to Prison Program.

On January 14, 1998, a petition was filed alleging that the Defendant had violated the terms of his community corrections sentence by: (1) failing to obey the law, (2) failing to make a full and truthful report to his case manager, (3) failing to be actively employed, (4) failing to pay court costs, (5) failing to perform community service, (6) failing to pay community corrections monthly fees, (7) failing to pay victim restitution, and (8) failing to report to his supervisor.

Counsel was appointed to represent the Defendant and a hearing was conducted on the revocation petition on May 15, 1998. At the hearing, the

Defendant's attorney advised the court that the Defendant wanted to "submit to the revocation." At that time, additional charges were apparently pending against the Defendant, and counsel stated, "But he wishes to go ahead and submit and go to the penitentiary and hope that the other charges don't come out of the Grand Jury." The trial judge addressed the Defendant in open court as follows:

> THE COURT: Mr. Oakley, Ms. Parton has advised the Court that you intend to submit to the revocation warrant and go on and serve the time; is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: You've discussed this with her and you feel it's in your best interest?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay. All right. All right. Thank you.

An order was entered on May 15, 1998 finding the Defendant guilty of violating the terms of his community corrections sentence, granting the Defendant 549 days of jail credit, and ordering the balance of the sentence served in the Department of Correction.

On June 3, 1998, the Defendant filed a motion to have his case reheard, stating that he had his "mind set on changing" and did not want to serve his sentence in prison. The trial court entered an order dismissing this motion on June 8, 1998. On June 23, 1998, the Defendant filed a motion to waive or suspend payment of all court costs, which was dismissed by the trial court on July 7, 1998. On July 30, 1998, the Defendant filed a notice of appeal from the judgment entered on May 15, 1998. On August 24, 1998, the Defendant filed a request that his sentence be reduced, along with a motion to have his case retried, stating that he did not "entirely understand" his plea agreement.

In this appeal, the Defendant argues that the trial court erred by revoking the Defendant's community corrections sentence and by ordering that the original sentences be served in the Department of Correction. He also argues that the trial court erred by dismissing his motion for a reduction of sentence and his motion to rehear without a hearing.

In order for a reviewing court to find an abuse of discretion in a community corrections revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that the Defendant violated the terms of the community corrections program. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The proof of a violation need not be established beyond a reasonable doubt, and is sufficient if it allows the trial judge to make a conscientious and intelligent decision. Id.

From the record before us, we cannot conclude that the trial judge erred or abused his discretion by revoking the Defendant's community corrections sentence and ordering the balance of the sentence served in the Department of Correction. We likewise find no error or abuse of discretion in refusing to consider the Defendant's motion for a reduction of sentence. At the hearing on the revocation warrant, the Defendant appeared with his attorney and advised the court that he wished to ?submit" to the revocation warrant and serve his sentence in the penitentiary. The Defendant's position at the revocation hearing leads us to conclude that he conceded he had violated the terms of his community corrections sentence. At the hearing, counsel also advised the trial court that the Defendant wished to be transferred to the penitentiary as soon as possible.

-4-

Although neither the record nor the transcript from the Defendant's guilty plea proceeding is before us, it is apparent that his twenty year sentence was the result of a plea agreement. The trial judge granted the Defendant's request to serve his sentence in a community based alternative to incarceration. Subsequently, during the Defendant's revocation hearing, the trial court granted the Defendant's request to revoke his community corrections sentence and allow him to serve his sentence in the Department of Correction. The State argues that the Defendant is the "author of his own predicament." We agree.

The judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE